## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRUCE THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-936-GPM** |
| | ) | |
| **ROGER MULCH,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, currently an inmate at the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff contends that while he was confined at the Jefferson County Justice Center located in Mount Vernon, Illinois, he was placed in a "restraining chair" for approximately six hours per Defendant Mansker's orders.  While in the "restraining chair," Plaintiff also was placed in a "lock down cell" and left without anyone checking on him.  Plaintiff states that because he was left unattended and unwatched, he was unable to get assistance to go to the bathroom, even after he attempted to get help.  As a result, Plaintiff states that he was forced to urinate on himself and that he was forced to sit in his urine.

### DISCUSSION

Liberally construing the complaint, Plaintiff appears to claim that placing him in the "restraint chair," without adequate supervision, with no bathroom breaks, and forcing him to urinate on himself violated his due process rights.  Plaintiff appears to assert two due process claims:  (1) he was subjected to a "restraint chair" as punishment in violation of his *procedural* due process

rights and (2) even if placing him in a "restraint chair" as punishment was procedurally proper, the actual conditions under which he was restrained violated his *substantive* due process rights.

With regard to his procedural due process claim, the Seventh Circuit has recognized that, for pretrial detainees,[1] procedural protections are required prior to the imposition of any punishment for violations of jail rules. *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999); *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required); *see generally Wolff v. McDonnell*, 418 U.S. 539 (1974). No procedural protections, however, are required if Plaintiff suffers some disutility (e.g., confinement in segregation, etc.) for non-punitive, managerial reasons. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). At this early point, the Court is unable to determine whether Plaintiff was placed in a "restraint chair" for violating jail rules or to protect other inmates, jail staff, or perhaps even Plaintiff himself, from Plaintiff's violent actions. Accordingly, Plaintiff's procedural due process claim cannot be dismissed at this time.

With regard to his substantive due process claim concerning the conditions under which he was restrained, the Seventh Circuit has analyzed such claims by pretrial detainees under the Eighth Amendment. *See Velez v. Johnson*, 395 F.3d 737, 735 (7th Cir. 2005) (noting that for conditions of confinement claims brought by pretrial detainees, there is little difference between the Eighth Amendment and the Fourteenth Amendment). In order to prevail on a conditions of confinement claim under the Eighth Amendment, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The

---

[1]It is unclear whether Plaintiff was a pretrial detainee or a convicted person at the time he was placed in the "restraint chair." It is arguable, however, that Plaintiff was merely a pretrial detainee.

objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff also must demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official have a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

Applying these standards, Plaintiff's substantive due process claim cannot be dismissed at this time.  Plaintiff alleges that he was forced to sit, fully restrained, in his own urine for an indeterminate amount of time – possibly for several hours.  A prisoner's exposure to human waste may give rise to an Eighth Amendment claim.  *See DeSpain v. Uphoff,* 264 F.3d 965, 974-75 (10th Cir. 2001) (collecting cases).  Plaintiff appears to allege that Defendant Mansker knew that Plaintiff was subjected to these conditions and/or knowingly failed to adequately monitor him while in the restraint chair.

Plaintiff's claims against Defendant Mulch, however, must be dismissed pursuant to 28 U.S.C. § 1915A.  "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  The instant complaint lacks any allegations that Defendant Mulch is personally responsible for the deprivation of Plaintiff's rights.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Therefore, Plaintiff's claims against Defendant Mulch are dismissed pursuant to § 1915A.

SUMMARY

Plaintiff's claims against Defendant Mulch do not survive review under § 1915A.  Accordingly, these claims are **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C.

§ 1915(g).  Only Plaintiff's claims against Defendant Mansker survive.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant Mansker.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant Mansker in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and that any documentation of the address shall be retained only by the Marshal.  Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Plaintiff's failure to comply with this Order will result in this action being dismissed for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED:  05/19/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge